State of Tennessee *v.* R. B. Knight.

STATE OF TENNESSEE *v.* R. B. KNIGHT.

CRIMINAL LAW. *Pleading and practice. Right to severance.* The Act of 1873, is imperative, and gives the right to severance without condition or limitation, prescribing that prisoners jointly indicted, shall stand for trial in the order in which their names appear in the indictment.

Case cited: Coldwell *v.* The State. *Post.*

Statute cited: Act of 1873.

FROM DAVIDSON.

Record cannot be found.

FREEMAN, J., delivered the opinion of the Court.

Defendant was indicted in two cases, for horse stealing, and receiving such property, knowing it to have been stolen. In one case there is no bill of exceptions and no error. The judgment of infamy was correct, as we have held at present Term, (*Coldwell v. the State.* Supra Ed.) that horse stealing was larceny. Affirm this case.

In the other case, for stealing the property of J. A. Nimno, the jury found defendant guilty of receiving the stolen horse, knowing it to have been stolen. In this the following error is assigned: Defendant was jointly indicted with another party. He moved the Court for a severance, as provided by the Statute then in force. This the Court refused, unless he would lay grounds for it by an affidavit, and the party was

put on his trial.    In this was error.    The Statute
is imperative, and gives the right to severance without
condition or limitation, prescribing the mode of trial,
that is, they shall stand for trial in the order in which
their names appear in the indictment; Act of 1873.
This statute, it is true, was repealed by the last Legis-
lature, but this cannot cure the error, nor make the
Court correct.    We cannot say how much the defen-
dant's case may /have been prejudiced by being put
on trial, as he was, with another party, who was
convicted and has not appealed, as far as we can see,
from this record.

Let this case be reversed, and remanded for a new
trial.